IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CONNIE L. LUTTRELL,                          Case No. 6:14-cv-01426-PK

               Plaintiff,              FINDINGS & RECOMMENDATION

vs.

CAROLYN W. COLVIN,
Commissioner of Social Security,

               Defendant.

—————————————————————

KATHRYN TASSINARI
ROBERT BARON
Harder, Wells, Baron & Manning, PC
474 Willamette, Suite 200
Eugene, OR
        Attorneys for plaintiff

BILLY J. WILLIAMS
Interim United States Attorney
District of Oregon

1 - FINDINGS & RECOMMENDATION

JANICE E. HERBERT
Assistant United States Attorney
1000 SW Third Ave., Suite 600
Portland, OR 97201-2902

NICOLE JABAILY
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
        Attorneys for defendant

PAPAK, Magistrate Judge:

Connie Luttrell ("plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). This court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Based on a my review of the record, the Commissioner's decision should be affirmed.

*Procedural Background*

Plaintiff applied for DIB on July 22, 2011, alleging disability as of September 30, 2008, due to reflex sympathetic dystrophy/regional pain syndrome; cervical and lumbar spondylosis with radiculitis, foot drop, osteophytic disease, and disc protrusions; chronic lymphedema with recurrent cellulitis; and chronic depression and anxiety. Tr. 21-25, 170-82. Her application was denied initially and upon reconsideration. Tr. 106-09, 112-17. A hearing was held on October 15, 2013, before an Administrative Law Judge ("ALJ"). Tr. 38-81. On November 1, 2013, the ALJ issued a decision finding plaintiff not disabled. Tr. 21-30. Plaintiff timely requested review of the ALJ's decision and, after the Appeals Council denied review, plaintiff filed a complaint in this court. Tr. 1-6.

2 - FINDINGS & RECOMMENDATION

*Factual Background*

Born on November 19, 1953, plaintiff was 54 years old on the alleged onset date of disability and 59 years old at the time of the hearing. Tr. 38, 91. She is a high school graduate and attended two years of college. Tr. 197. Plaintiff has previous work experience as a graphic designer, dental assistant, call center customer service representative, secretary, and assembler. *Id.*

*Standard of Review*

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation and internal quotations omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [a court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Bowen v. Yuckert*, 42 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. First, the

Page 3 - FINDINGS & RECOMMENDATION

Commissioner determines whether a claimant is engaged in "substantial gainful activity;" if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. § 404.1520(b).

At step two, the Commissioner resolves whether the claimant has a "medically severe impairment or combination of impairments." *Id.* at 140-41; 20 C.F.R. § 404.1520(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner evaluates whether the claimant's impairment meets or equals "one of a number of listed impairments that the Secretary acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. § 404.1520(d). If so, the claimant is presumed disabled; if not, the Commissioner proceeds to step four. *Yuckert*, 482 U.S. at 141.

At step four, the Commissioner determines whether the claimant still can perform "past relevant work." *Id.*; 20 C.F.R. § 404.1520(f). If the claimant can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 141.

At step five, the Commissioner must establish that the claimant can perform other work existing in significant numbers in the national or local economy. *Id.* at 142; 20 C.F.R. § 404.1520(g). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. § 404.1566.

*The ALJ's Findings*

At step one of the five-step sequential evaluation process, the ALJ found plaintiff did not engage in substantial gainful activity from September 30, 2008 through her date last insured of June 30, 2012. Tr. 23. At step two, the ALJ found plaintiff had the following severe impairments: "cervical degenerative disc disease; L5 radiculopathy with foot drop; reflex sympathetic dystrophy; and chronic lymphedema and vasculitis. *Id.* At step three, the ALJ found plaintiff's impairments did not meet or equal the requirements of a listed impairment. Tr. 25.

Page 4 - FINDINGS & RECOMMENDATION

Accordingly, the ALJ continued the sequential evaluation process to determine how plaintiff's medical limitations affected her ability to work. The ALJ resolved that plaintiff had the residual functional capacity ("RFC") to: "perform sedentary work . . . with no more than occasional stooping, crouching, crawling, kneeling, climbing, balancing, and bilateral overhead reaching . . . occasional exposure to temperature extremes, wetness, moving machinery, heights and similar hazards." Tr. 25.

At step four, the ALJ concluded plaintiff was able to perform her past relevant work as a graphic designer or customer service representative. Tr. 29. Therefore, the ALJ determined plaintiff was not disabled within the meaning of the Act. Tr. 30.

*Discussion*

I. Plaintiff's Credibility

Plaintiff argues the ALJ erred in evaluating her credibility. The Ninth Circuit relies on a two-step process for evaluating the credibility of a claimant's testimony about the severity and limiting effect of the stated symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 503 F.3d 1028, 1035-36 (9th Cir. 2007)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter*, 503 F.3d at 1036 (citation and quotation marks omitted). Second, absent evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Further, an ALJ "may consider . . . ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, . . . [or] other

testimony that appears less than candid . . . ." *Id.* at 1284. However, a negative credibility finding made solely because the claimant's symptom testimony "is not substantiated affirmatively by objective medical evidence" is legally insufficient. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). Nevertheless, the ALJ's credibility finding may be upheld even if not all of the ALJ's rationales for rejecting claimant testimony are upheld. *See Batson*, 359 F.3d at 1197.

The ALJ determined plaintiff was not entirely credible for the following reasons: (1) lack of evidence of an alleged work injury near her alleged onset date; (2) lack of evidence regarding plaintiff's daily leg care needs; (3) inconsistencies regarding plaintiff's ability to walk certain distances; and (4) absence of assistive devices despite allegedly severe lower extremity impairments. Tr. 27-28.

As the ALJ noted, plaintiff, in her disability report, indicated she stopped working after she " . . . had an injury on the job. I went to the hospital and my employer let me go." Tr. 196. On the same document, plaintiff reported she stopped working on her onset date of September 30, 2008. *Id.* During the hearing, plaintiff explained she was working as a dental assistant for Dr. Poe when she fell, injuring tendons and ligaments in her foot. Tr. 43. Plaintiff concedes the record contains no evidence of a hospital visit in late September 2008, which the ALJ found impugned her credibility. Pl.'s Br. 14-15; tr. 27. Plaintiff explains that despite the absence of evidence of an ER visit, she had reported leg pain and weakness to her primary physician, Dr. Rola Baker, M.D., in August 2008. Pl.'s Br. 15. Indeed, the chart note for August 5, 2008 indicates leg pain and weakness. Tr. 391. However, the next chart note – August 26, 2008 – indicates no evidence of lower extremity weakness and improved chronic pain. *Id.* As the ALJ pointed out, subsequent September chart notes also make no mention of a hospital visit. Tr. 390.

In addition, plaintiff reported anxiety due to unemployment on September 11, 2008, which is at odds with her assertion that she was injured at work on September 30, 2008. *See id.*; Tr. 196. Plaintiff explains the discrepancy is due to her initially alleging disability on August 1, 2008, "consistent with her reports to providers." Pl.'s Reply 4. Plaintiff further notes "new job anxiety" was reported on August 26, 2008, and that she provided vague testimony during the hearing regarding the time period. *Id.* Thus, argues plaintiff, the record reflects plaintiff was experiencing pain and weakness in her legs in August and September 2008.

However, plaintiff's argument misses the mark. The ALJ is not questioning whether plaintiff was experiencing leg pain at the time, but rather assessing the credibility of her statement regarding ending her employment following a fall at work that resulted in a trip to the hospital. Tr. 27. An ALJ may use ordinary methods of credibility assessment, including evaluation of testimony that appears less than candid. *Smolen*, 80 F.3d at 1281. Thus, the ALJ's finding is rational; even if another rational interpretation were possible, the court must uphold the ALJ's original finding. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008).

The ALJ also found plaintiff less than credible based on her explanation of leg care. Plaintiff testified that she spends fifteen minutes, several times per day, removing and replacing her compression hose, applying lotion, and elevating her legs. Tr. 27, 46, 54. Plaintiff reported replacing her hose three times per day, but she also reported doing so "every hour, hour and a half, [or] two hours." Tr. 46-47. She further stated she needed to elevate her legs for 30 minutes every two hours. Tr. 27, 47. The ALJ found plaintiff's assertions about the time required for her leg care were not substantiated in the record. Plaintiff accurately notes the record does not contain a reference to the amount of time plaintiff should raise her legs, or the time it takes to remove and replace her

compression hose. Pl.'s Br. 2-3. Although there is no dispute Dr. Baker advised plaintiff to use compression socks and to elevate her feet up until September 2011, there are no subsequent chart notes recommending that plaintiff elevate her feet. Tr. 376. Indeed, Dr. Baker's September 29, 2011 chart note indicates plaintiff's "vasculitis/cellulitis both lower extremities . . . ostensibly resolved[,]" and on November 10, 2011, "bilateral ankles and swelling . . . [s]ignificantly resolved after taking Celebrex and using compression hose." Tr. 376. While plaintiff points out the doctor later "discussed compression hose and elevation of lower extremities[,]" his recommendation appeared to be in the context of either plaintiff's recent motor vehicle accident ("MVA") or "dependent edema secondary to salt ingestion." Tr. 369. Nonetheless, Dr. Baker indicated in his September 16, 2013 medical evaluation that plaintiff must elevate her leg due to lymphedema and cellulitis during the day. Tr. 424. Absent any evidence to the contrary, the ALJ cannot show clear and convincing evidence that plaintiff's assertions about the time it takes to remove and replace her compression hose and elevate her legs are not credible. This rationale for questioning plaintiff's credibility cannot be upheld.

The ALJ also impugned plaintiff's credibility based on inconsistencies regarding her ability to walk certain distances. Tr. 27. The ALJ noted that in contrast to hearing testimony that plaintiff was able to walk one and a half miles, she indicated in her disability report that she was only able to walk two blocks. Tr. 27, 49, 217. As noted above, prior inconsistent statements regarding symptoms is a valid reason to discount a plaintiff's credibility. *Smolen*, 80 F.3d at 1281.

The ALJ further found plaintiff's allegations regarding the severity of her impairments not credible because although her lumbar radiculopathy and foot drop symptomatology piqued in 2011, she did not use any assistive devices during that period. Tr. 27. Plaintiff argues that despite her

frequent falls, she did not use any assistive devices because it was awkward to do so in the workplace. Pl.'s Reply 3. However, the testimony plaintiff presents in support of her position does not necessarily bear this out:

> I just try not to put myself in a position where I'm going to need [an assistive device]. That's why I don't work. Because I – it's kind of embarrassing when you get up to go file something or go get something or go get some work and you're falling all over yourself. Not to mention I've fallen into people, too. So – and then that last time, at Dr. Poe's office, when I feel I was holding a tray of instruments, and they flew of course.

*Id.*; tr. 61. The passage does not indicate that plaintiff found it awkward to have an assistive device in the workplace, but rather that she preferred to avoid situations where she would need such a device in the workplace. *Id.* She then explained that she did not work because she was falling frequently. *Id.* Plaintiff's argument is without merit. An ALJ may invoke conservative treatment in discounting a plaintiff's impairment allegations. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

In sum, the ALJ provided three valid rationales for discrediting plaintiff's credibility, and one erroneous rationale. As recited above, a negative credibility finding may be upheld even if not all of the ALJ's rationales for rejecting claimant testimony are upheld. *See Batson*, 359 F.3d at 1197. Further, the reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citation omitted). Here, the ALJ presented specific examples for impugning plaintiff's credibility beyond a lack of objective evidence, and in so doing, provided clear and convincing reasons supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (citation omitted) ("If the "ALJ's credibility finding is supported by substantial

evidence in the record, [the court] may not engage in second-guessing."). Accordingly, the court should uphold the ALJ's reasonable credibility determination.

II. Medical Opinion Evidence

Plaintiff also argues the ALJ erred in according Dr. Baker's 2013 functional capacity assessment little weight. Pl.'s Br. 16-18, tr. 28. An ALJ is responsible for resolving ambiguities and conflicts in the medical testimony. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ must give clear and convincing reasons for rejecting the uncontradicted medical opinion of a treating or examining physician, or specific and legitimate reasons for rejecting contradicted opinions, so long as they are supported by substantial evidence. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Nonetheless, treating or examining physicians are owed deference and will often be entitled to the greatest, if not controlling, weight. *Orn*, 495 F.3d at 633 (citation and internal quotation omitted). An ALJ can satisfy the substantial evidence requirement by setting out a detailed summary of the facts and conflicting evidence, stating his interpretation, and making findings. *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 600-01 (9th Cir. 1999). However, "the ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick*, 157 F.3d at 725 (citation omitted). On this record, the treating and examining doctors' opinions are contradicted by the state medical examiners. Tr. 20-21. Accordingly, the ALJ's reasons for rejecting the treating and examining physicians must be specific and legitimate, and supported by substantial evidence. *See Garrison*, 759 F.3d at 1012.

The ALJ found Dr. Baker's assessment of plaintiff's ability to walk is inconsistent with plaintiff's professed ability to walk one and a half miles. Tr. 28, 425. Plaintiff concedes Dr. Baker's assessment is not consistent with her testimony. Pl.'s Br. 17; Pl.'s Reply 5. Plaintiff contends,

however, that Dr. Baker was referring to an earlier date in the adjudication period, when plaintiff could only walk a few blocks with pain. Pl.'s Reply 5; tr. 376. However, there is no indication in Dr. Baker's September 2013 assessment that he was referring to an earlier time period. In fact, plaintiff's testimony that she regularly walks more than a mile at a time occurred only one month after Dr. Baker provided his opinion. Tr. 28, 49, 56. It therefore was not error for the ALJ to reject Dr. Baker's opinion insofar as it was inconsistent with plaintiff's testimony regarding her capacity to walk. *See Morgan*, 169 F.3d at 601-02. The ALJ reasonably resolved the conflicting evidence. *Id.* at 599.

The ALJ also rejected Dr. Baker's opinion that plaintiff was limited to using her hands for only ten percent of the day. Tr. 28, 426. The ALJ explained there was no evidence that plaintiff had any impairment affecting the use of her hands aside from her "cervical issue and the non-severe shoulder issues," which he addressed in the RFC. *Id.* Plaintiff argues Dr. Baker's opinion is supported by his report of right-sided C6 radiculitis extending into the right arm and forearm with tingling-type dysesthesias in 2012. Tr. 367, 370. Nonetheless, plaintiff did not indicate in her functional report that her conditions affected the use of her hands. Tr. 217. Further, in a follow-up letter from plaintiff's attorney, Dr. Baker indicated he misread the question in the September 2013 assessment, and instead intended to report plaintiff had a "10% limitation" in the use of her hands. Tr. 265. Although the court cannot affirm the Commissioner's decision on grounds the ALJ did not invoke, the ALJ's conclusion that Dr. Baker's erroneous hand limitation opinion was unsupported by the record is nonetheless valid. The ALJ is not required to accept a physician's opinion that is inadequately supported by clinical findings. *Bayliss*, 427 F.3d at 1216. Thus, as Dr. Baker's September 2013 opinion regarding plaintiff's alleged hand limitations is not supported by substantial

Page 11 - FINDINGS & RECOMMENDATION

evidence in the record, the ALJ did not commit error.

Dr. Baker also indicated plaintiff would miss four days of work each month, which the ALJ rejected, explaining the limitation was inconsistent with her work record. Tr. 28. Indeed, Dr. Baker acknowledged that plaintiff's reflex sympathetic dystrophy and chronic lymphademia were "longstanding." Tr. 291. While plaintiff argues her previous ability to work without significant breaks is not material, it was not unreasonable for the ALJ to interpret the evidence in that manner. Presumably plaintiff would not have been able to work previously if her longstanding impairments were of the severity she alleges. Further, even if the evidence is susceptible to more than one interpretation, so long as the ALJ's inference is reasonable, the court must defer to the Commissioner's decision. *Batson*, 359 F.3d at 1193.

Dr. Baker also opined plaintiff had ongoing mentally-based impairments, although the ALJ determined his opinion was unsupported by objective findings. Tr. 28. Indeed, Dr. Baker noted in his September 2013 assessment that plaintiff suffered from chronic depression and anxiety, although he did not assess any functional limitations. Tr. 423-24. Plaintiff argues, "the inclusion of anxiety and depression as conditions that plaintiff suffers from does not diminish the doctor's opinion regarding her physical condition." Pl.'s Reply 7-8. While the court agrees with plaintiff's premise, the ALJ merely indicated Dr. Baker's assessment was given little weight *in part* because the mental limitations were unsupported by objective findings. Tr. 28. The ALJ neither stated nor inferred Dr. Baker's opinions regarding physical limitations was impugned by the lack of support for the mental impairments. *See* tr. 28. Rather, the ALJ was presumably explaining why he did not include mental impairments at step two, and/or why mental impairments were not represented in the RFC. Thus, there is no indication the ALJ accorded Dr. Baker's opinions regarding plaintiff's physical

impairments less weight because the doctor noted a history of mental impairments. *See* tr. 293-94. As discussed above, the ALJ provided other legally sufficient reasons for rejecting Dr. Baker's physical restrictions as defined in the Septebmer 2013 assessment. *See* tr. 28. In any case, plaintiff's argument is unavailing as plaintiff concedes there is no evidence that she is limited by her mental impairments. Accordingly, any error is inconsequential to the ultimate non-disability determination and, therefore, harmless. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006).

Plaintiff further contends the ALJ erred in failing to provide reasons for rejecting Dr. Baker's opinion that plaintiff needed to lie down, rest, and/or elevate her legs periodically during the workday. Pl.'s Br. 18; Pl.'s Reply 6. Dr. Baker, in his September 2013 assessment, indicated plaintiff would have to lie down or rest periodically during the day: "sporadic during exacerbations – for neck & back pain . . . leg elevation for lymphedema & cellulitis." Tr. 424. Despite the question, "[i]f yes, for how long, and for what reason?", the doctor did not provide any specifics. *Id.* While plaintiff argues the ALJ erred by not addressing Dr. Baker's rest period testimony, the ALJ is not required to comment on every piece of evidence. *See Howard ex. rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003). Further, as mentioned *supra*, the ALJ is not required to accept medical opinions that are brief, conclusory, or inadequately supported by medical findings. *Bayliss*, 427 F.3d at 1216. Dr. Baker's opinion failed to specify how often or for how long plaintiff needed to lie down or rest due to neck and back pain and to elevate her feet. Tr. 424. The ALJ's analysis of Dr. Baker's assessment as a whole included a number of specific, legitimate rationales for its rejection. Tr. 28. As such, the ALJ was not required to specifically reject every particular statement included in the assessment. *See Magallenes*, 881 F.2d at 755 (9th Cir. 1989) ("It is true that the ALJ did not recite the magic words, 'I reject Dr. Fox's opinion about the onset date because....' But our cases do not require such an

incantation.").

In sum, the ALJ rationally interpreted the relevant medical evidence, resolved ambiguities therein, and provided legally adequate rationales for rejecting Dr. Baker's medical opinions. The ALJ's findings were supported by substantial evidence and free of harmful legal error and, therefore, should be upheld. *Valentine* v. *Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009).

III. Past Relevant Work

Plaintiff assigns error to the ALJ's finding that she could perform her past relevant work as a graphic designer and customer service representative. Tr. 36. Plaintiff essentially repeats her disputes with the ALJ's findings regarding Dr. Baker's conclusions. Pl.'s Reply 18-19. Specifically, plaintiff asserts her impairments would result in tardiness and excessive unscheduled breaks, per Dr. Baker's September 2013 opinion. *Id.*; tr. 424-27. However, in crafting an RFC and posing hypothetical questions to the VE, the ALJ need not include limitations that have been appropriately discounted because they are not supported by substantial evidence. *See Osenbrock v. Apfel*, 240 F.3d 1157, 1165 (9th Cir. 2001); *see also Stubbs-Danielson v. Astrue*; 539 F.3d 1169, 1175-76 (9th Cir. 2008) (plaintiff does not establish the ALJ's step four or five determination is incorrect simply by restating her assignments of error to the ALJ's credibility and medical opinion evidence findings). Plaintiff's argument is unavailing.

*Recommendation*

For the foregoing reasons, the Commissioner's decision should be AFFIRMED.

*Scheduling Order*

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due fourteen (14) days from service of the Findings and

Page 14 - FINDINGS & RECOMMENDATION

Recommendation. If no Objections are filed, review of the Findings and Recommendation will go under advisement on that date. If Objections are filed, a response to the objections is due fourteen (14) days after being served with a copy of the Objections, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 4th day of November 2015.

Paul Papak
United States Magistrate Judge

Page 15 - OPINION AND ORDER